UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. *08 - 10352-NG* |
|  | ) |
| v. | ) Violation: |
|  | ) 18 USC § 371 |
| SRIDHAR REDDY, SUDHA RANI aka | ) (Conspiracy to Commit Visa Fraud) |
| SUDHA SANIVARAPU, VENKAT | ) 18 USC § 1546 |
| NAIDU, and RICHARD SCHWARTZ | ) (Visa Fraud) |
|  | ) |

INDICTMENT

The Grand Jury, in and for the District of Massachusetts, charges that:

**COUNT ONE:       (Title 18, United States Code, Section 371 -
            Conspiracy to Commit Fraud and Misuse of Visas)**

At times material to this indictment:

1.    The United States allows non-citizens to enter the United States to work for temporary periods of time.  Those nonimmigrant workers can enter the United States on a visa known as an H-1B Nonimmigrant Visa ("H-1B Visa").

2.    In order to obtain an H-1B Visa, an employer in the United States must complete a Labor Condition Application for H-1B Nonimmigrants ("Form ETA 9035") and submit it electronically to the Department of Labor. The Form ETA 9035 provides to the Department of Labor information regarding the employer, the rate of pay that the employer will pay the nonimmigrant employee, the period of employment, the job title, and the location within the United States the nonimmigrant employee will be working. The

employer does not need to identify a specific person they are seeking to hire on the Form ETA 9035. The employer must sign the Form ETA 9035 and attest to its truthfulness. If acceptable, the Department of Labor certifies the Form ETA 9035 and returns it to the employer.

3.    Once the Form ETA 9035 is returned to the employer by the Department of Labor, the employer completes a Petition for a Nonimmigrant Worker ("Form I-129") and submits it to the United States Citizenship and Immigration Services ("USCIS"). In the Form I-129, the employer provides much of the same information that was provided on the Form ETA 9035, including the job location, job title, and the wages. In the Form I-129 the employer must identify the specific employee to whom it is seeking to have the H-1B visa issued. The employer must sign the Form I-129 under the pains and penalties of perjury that the Form I-129 and the evidence submitted with the Form I-129 are all true and correct. The employer then submits the Form I-129, along with the certified Form ETA 9035, to the USCIS.

4.    If the Form I-129 is approved by USCIS, the USCIS sends a notification to the employer ("Form I-797") notifying the employer of the approval.

5.    Once the employer receives the Form I-797, the prospective nonimmigrant worker can apply for an H-1B Visa. A prospective nonimmigrant worker living outside of the United

2

States must file with the United States Department of State
Consulate or Embassy a "Nonimmigrant Visa Application" ("Form DS-156").

6.     The consular officer may grant or deny an H-1B Visa
to a nonimmigrant worker based on the information provided in the
Form DS-156, an interview of the applicant, or because of the
presence (or lack thereof) of supporting documentation, including
letters of employment from the sponsoring employer.

7.     If the Form DS-156 is approved, the nonimmigrant worker
is granted an H-1B Visa to work for the employer.  The employer
must comply with the terms it previously set forth in the Forms
ETA 9035 and I-129 as described in paragraphs 2 and 3 above.

8.     The defendant SRIDHAR REDDY ("REDDY") was the President
of Cambridge Resource Group ("CRG") headquartered at 18 Lyman
Street in Westborough, MA.  CRG claimed to provide professional
computer services.  REDDY was also the President of TEKIZEN, INC.
("TEKIZEN"), a New Hampshire corporation, that claimed to provide
computer technical staffing.  REDDY was also the President of IT
OFFERS, INC.  ("IT OFFERS"), a Georgia corporation, that also
claimed to provide computer technical staffing.  IT OFFERS used
the mailing address of 3330 Cumberland Blvd., Suite 500 in
Atlanta, GA.

9.     The defendant SUDHA RANI a/k/a SUDHA SANIVARAPU
("RANI") was a Director of CRG and IT OFFERS.  RANI was also the

3

President of ISIGN, INC. ("ISIGN"), a Florida corporation. ISIGN claimed to provide computer technical staffing. RANI was also the President of COMPUTER CONSULTANTS, INC. ("COMPUTER CONSULTANTS"), a New York corporation, that also provided computer technical staffing. REDDY and RANI are married.

10. The defendant VENKAT NAIDU ("NAIDU") was the President of XPERTECH, a Massachusetts corporation, located at 21 Cummings Park, Suite 252, Woburn, MA. XPERTTECH was an information technology ("IT") consulting company that provided computer technical staffing.

11. The defendant RICHARD J. SCHWARTZ ("SCWARTZ") resided at 33 Sky View Road in Lexington, MA. SCHWARTZ was employed by the Commonwealth of Massachusetts in the Department of Workforce Development as a supervisory systems programmer.

12. Continuously from in or about May 2007 and February 2008, in the District of Massachusetts and elsewhere, the defendants,

SRIDHAR REDDY,
SUDHA RANI a/k/a SUDHA SANIVARAPU,
VENKAT NAIDU,
and RICHARD SCHWARTZ,

and others known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, confederate and agree together and with each other to present an application, affidavit, and other document required by the immigration laws or regulations prescribed thereunder which contained a false statement or which

4

failed to contain any reasonable basis in law or fact in

violation of Title 18, United States Code, Section 1546;

## METHODS AND MEANS OF THE CONSPIRACY

13.   It was a part of the conspiracy that the defendants and
their co-conspirators created false documents, namely fake
letters from the Commonwealth of Massachusetts that represented
that the Commonwealth of Massachusetts intended to employ
nonimmigrant workers with H-1B Visas.   The defendants caused
these fake letters to be submitted to the United States Consular
offices in Chennai, India and New Delhi, India in support of H-1B
Visa applications.

14.   It was a part of the conspiracy that defendant REDDY
provided to defendant NAIDU the names and addresses of
nonimmigrant worker visa candidates in India who were unable to
provide employment letters to the consulate and, therefore, were
unable to obtain H-1B Visas.

15.   It was a part of the conspiracy that defendant NAIDU
and defendant SCHWARTZ agreed to create phony employment letters
from the Commonwealth of Massachusetts that falsely stated that
the nonimmigrant worker visa candidates that defendant REDDY
provided to defendant NAIDU were going to be employed by the
Commonwealth of Massachusetts.

16.   It was a part of the conspiracy that defendant REDDY
and defendant RANI supplied the fake letters from the

5

Commonwealth of Massachusetts to the nonimmigrant worker visa candidates in India for the sole purpose of submitting them to the United States Consular Office to defraud the Consular Officer reviewing the H-1B application into believing that the nonimmigrant worker visa candidates would be employed by the Commonwealth of Massachusetts when, in fact, they would not.

17.   It was part of the conspiracy that each application package, including the I-129 and Form ETA 9035, stated that the nonimmigrant worker had an actual employment position in the United States paying a prevailing wage when, in fact, the defendants knew that there was no employment position available and they did not intend to pay the prevailing wage.

18.   It was a part of the conspiracy that defendants REDDY and RANI intended to require all H-1B nonimmigrant workers entering the United States to search for employment once in the United States, despite the representations made in the Form ETA 9035 and the Form I-129 and supporting documentation that the nonimmigrant workers' employment was secured.

## OVERT ACTS

19.   In furtherance of the conspiracy and to effect the objects thereof, the defendants and their co-conspirators committed and caused to be committed, in the District of Massachusetts and elsewhere, numerous overt acts including those set forth below in paragraphs 20 through 31.   Each of the

6

following overt acts involved the presentation of a letter to the United States Consulate in India in support of an application for a nonimmigrant H-1B visa.

20. Defendant NAIDU and Defendant REDDY drafted false letters of employment for nonimmigrant worker visa candidates in India that stated that the nonimmigrant worker visa candidates would be employed by the Commonwealth of Massachusetts. Defendant NAIDU provided electronic versions of the false letters to Defendant SCHWARTZ who, in turn, printed them out on Commonwealth of Massachusetts letterhead and signed them on behalf of the Commonwealth of Massachusetts.

21. Defendant SCHWARTZ signed a false letter on behalf of the Commonwealth of Massachusetts, dated February 6, 2008, that was submitted in support of the H-1B visa application of Padmanabhan Narayanan. The false letter was presented to the United States Consulate in Chennai, India in support of a Form I-129 (Case no. EAC-07-123-51320) petition by ISign, Inc. signed by defendant RANI on March 31, 2007.

22. Defendant SCHWARTZ signed a false letter on behalf of the Commonwealth of Massachusetts, dated February 6, 2008, that was submitted in support of the H-1B visa application of Venkat Ramprasad Rao Panguluru. The false letter was presented to the United States Consulate in Chennai, India in support of a Form I-129 (Case no. EAC-07-152-51366) petition by ISign, Inc. signed by

7

defendant RANI on March 31, 2007.

23.  Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that
was submitted in support of the H-1B visa application of Satya
Narayana Raju Rudraraju.  The false letter was presented to the
United States Consulate in Chennai, India in support of a Form I-
129 (Case no. EAC-07-137-50738) petition by Tekizen, Inc. signed
by defendant REDDY on April 1, 2007.

24.  Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that
was submitted in support of the H-1B visa application of Durga
Venkata Ramana Rao Sappa.  The false letter was presented to the
United States Consulate in Chennai, India in support of a Form I-
129 (Case no. EAC-07-137-50742) petition by Tekizen, Inc. signed
by defendant REDDY on April 1, 2007.

25.  Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that
was submitted in support of the H-1B visa application of Naga
Bhushana Rao Modalavalasa.  The false letter was presented to the
United States Consulate in Chennai, India in support of a Form I-
129 (Case no. EAC-07-144-53997) petition by ISign, Inc. signed by
defendant RANI on March 31, 2007.

26.  Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that

8

was submitted in support of the H-1B visa application of
Manjunath Madanbhavi Fakirappa.  The false letter was presented
to the United States Consulate in Chennai, India in support of a
Form I-129 (Case no. EAC-07-145-52803) petition by ISign, Inc.
signed by defendant RANI on March 31, 2007.

27.  Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that
was submitted in support of the H-1B visa application of Supriya
Basani.  The false letter was presented to the United States
Consulate in Chennai, India in support of a Form I-129 (Case no.
EAC-06-179-53463) petition by Computer Consultants, Inc. signed
by defendant RANI on May 22, 2006.

28.  Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that
was submitted in support of the H-1B visa application of Ganga
Prasad Ankam.  The false letter was presented to the United
States Consulate in Chennai, India in support of a Form I-129
(Case no. EAC-07-141-51497) petition by ISign, Inc. signed by
defendant RANI on March 31, 2007.

29.  Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that
was submitted in support of the H-1B visa application of Kushank
Wadhwa.  The false letter was presented to the United States
Consulate in New Delhi, India in support of a Form I-129 (Case
no. EAC-07-148-56159) petition by ISign, Inc. signed by defendant
RANI on March 31, 2007.

30.   Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 6, 2008, that
was submitted in support of the H-1B visa application of
Prabhakara Reddy Marthala.  The false letter was presented to the
United States Consulate in Chennai, India in support of a Form I-
129 (Case no. EAC-07-145-52742) petition by ISign, Inc. signed by
defendant RANI on March 31, 2007.

31.   Defendant SCHWARTZ signed a false letter on behalf of
the Commonwealth of Massachusetts, dated February 7, 2008, that
was submitted in support of the H-1B visa application of Venkata
Sunil Naidu Palisetti.  The false letter was presented to the
United States Consulate in Chennai, India in support of a Form I-
129 (Case no. EAC-07-146-50423) petition by ISign, Inc. signed by
defendant RANI on March 31, 2007.

All in violation of Title 18, United States Code, Section
371.

**COUNT TWO:      (Title 18, United States Code, Section 1546 -
                 Fraud and Misuse of Visas)**

32.   The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

33.   From in or about February 2008 through June 2008, in
the District of Massachusetts and elsewhere, the defendant,

SRIDHAR REDDY,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Satya Narayana Raju Rudraraju.  The false
letter was presented to the United States Consulate in Chennai,
India in support of a Form I-129 (Case no. EAC-07-137-50738)
petition by Tekizen, Inc. signed by defendant REDDY on April 1,
2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

11

**COUNT THREE:    (Title 18, United States Code, Section 1546 -
            Fraud and Misuse of Visas)**

34.    The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

35.    From in or about February 2008 through June 2008, in
the District of Massachusetts and elsewhere, the defendant,

SRIDHAR REDDY,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Durga Venkata Ramana Rao Sappa.  The false
letter was presented to the United States Consulate in Chennai,
India in support of a Form I-129 (Case no. EAC-07-137-50742)
petition by Tekizen, Inc. signed by defendant REDDY on April 1,
2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

12

**COUNT FOUR:    (Title 18, United States Code, Section 1546 -
                 Fraud and Misuse of Visas)**

36.    The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

37.    From in or about February 2008 through June 2008, in
the District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Padmanabhan Narayanan.  The false letter
was presented to the United States Consulate in Chennai, India in
support of a Form I-129 (Case no. EAC-07-123-51320) petition by
ISign, Inc. signed by defendant RANI on March 31, 2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

**COUNT FIVE:    (Title 18, United States Code, Section 1546 -
Fraud and Misuse of Visas)**

38.   The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

39.   From in or about February 2008 through June 2008, in
the District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Venkat Ramprasad Rao Panguluru.  The false
letter was presented to the United States Consulate in Chennai,
India in support of a Form I-129 (Case no. EAC-07-152-51366)
petition by ISign, Inc. signed by defendant RANI on March 31,
2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

**COUNT SIX:** **(Title 18, United States Code, Section 1546 - Fraud and Misuse of Visas)**

40. The Grand Jury hereby incorporates and realleges paragraphs 1-11 and 13-31 above and further charges that:

41. From in or about February 2008 through June 2008, in the District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly present an application, affidavit, and other document required by the immigration laws and regulations prescribed thereunder which contains a false statement and which fails to contain any reasonable basis in law or fact; specifically, a false letter from the Commonwealth of Massachusetts, signed by Richard M. Schwartz, dated February 6, 2008, submitted in support of the H-1B visa application of Naga Bhushana Rao Modalavalasa. The false letter was presented to the United States Consulate in Chennai, India in support of a Form I-129 (Case no. EAC-07-144-53997) petition by ISign, Inc. signed by defendant RANI on March 31, 2007.

All in violation of Title 18, United States Code, Section 1546 and 2.

**COUNT SEVEN:    (Title 18, United States Code, Section 1546 -
                  Fraud and Misuse of Visas)**

42.   The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

43.   From in or about February 2008 through May 2008, in the
District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Manjunath Madanbhavi Fakirappa.  The false
letter was presented to the United States Consulate in Chennai,
India in support of a Form I-129 (Case no. EAC-07-145-52803)
petition by ISign, Inc. signed by defendant RANI on March 31,
2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

16

**COUNT EIGHT:     (Title 18, United States Code, Section 1546 -
                 Fraud and Misuse of Visas)**

44.  The Grand Jury hereby incorporates and realleges

paragraphs 1-11 and 13-31 above and further charges that:

45.  From in or about February 2008 through June 2008, in

the District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly

present an application, affidavit, and other document required by

the immigration laws and regulations prescribed thereunder which

contains a false statement and which fails to contain any

reasonable basis in law or fact; specifically, a false letter

from the Commonwealth of Massachusetts, signed by Richard M.

Schwartz, dated February 6, 2008, submitted in support of the H-

1B visa application of Supriya Basani.  The false letter was

presented to the United States Consulate in Chennai, India in

support of a Form I-129 (Case no. EAC-06-179-53463) petition by

Computer Consultants, Inc. signed by defendant RANI on May 22,

2006.

All in violation of Title 18, United States Code, Section

1546 and 2.

17

**COUNT NINE:     (Title 18, United States Code, Section 1546 -
                  Fraud and Misuse of Visas)**

46.   The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

47.   From in or about February 2008 through June 2008, in
the District of Massachusetts and elsewhere, the defendant,

                SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Ganga Prasad Ankam.  The false letter was
presented to the United States Consulate in Chennai, India in
support of a Form I-129 (Case no. EAC-07-141-51497) petition by
ISign, Inc. signed by defendant RANI on March 31, 2007.

      All in violation of Title 18, United States Code, Section
1546 and 2.

                              18

**COUNT TEN:**     **(Title 18, United States Code, Section 1546 -
Fraud and Misuse of Visas)**

48.   The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

49.   From in or about February 2008 through May 2008, in the
District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Kushank Wadhwa.   The false letter was
presented to the United States Consulate in New Delhi, India in
support of a Form I-129 (Case no. EAC-07-148-56159) petition by
ISign, Inc. signed by defendant RANI on March 31, 2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

**COUNT ELEVEN:   (Title 18, United States Code, Section 1546 -
             Fraud and Misuse of Visas)**

50.   The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

51.   From in or about February 2008 through June 2008, in
the District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 6, 2008, submitted in support of the H-
1B visa application of Prabhakara Reddy Marthala.  The false
letter was presented to the United States Consulate in Chennai,
India in support of a Form I-129 (Case no. EAC-07-145-52742)
petition by ISign, Inc. signed by defendant RANI on March 31,
2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

**COUNT TWELVE:   (Title 18, United States Code, Section 1546 -
Fraud and Misuse of Visas)**

52.   The Grand Jury hereby incorporates and realleges
paragraphs 1-11 and 13-31 above and further charges that:

53.   From in or about February 2008 through June 2008, in
the District of Massachusetts and elsewhere, the defendant,

SUDHA RANI a/k/a SUDHA SANIVARAPU,

and others known and unknown to the Grand Jury, did knowingly
present an application, affidavit, and other document required by
the immigration laws and regulations prescribed thereunder which
contains a false statement and which fails to contain any
reasonable basis in law or fact; specifically, a false letter
from the Commonwealth of Massachusetts, signed by Richard M.
Schwartz, dated February 7, 2008, submitted in support of the H-
1B visa application of Venkata Sunil Naidu Palisetti.   The false
letter was presented to the United States Consulate in Chennai,
India in support of a Form I-129 (Case no. EAC-07-146-50423)
petition by ISign, Inc. signed by defendant RANI on March 31,
2007.

All in violation of Title 18, United States Code, Section
1546 and 2.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982 - Criminal Forfeiture)

The Grand Jury further alleges that:

1. Upon conviction of any of the offenses alleged in this Indictment, the defendants,

SRIDHAR REDDY,
SUDHA RANI a/k/a SUDHA SANIVARAPU,
VENKAT NAIDU,
and RICHARD SCHWARTZ,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A), any conveyance, including any vessel, vehicle, or aircraft used in the commission of each offense; and any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of each offense, or that is used to facilitate, or is intended to be used to facilitate, the commission of each offense.

2. If any of the forfeitable property, as described in paragraph 1 above, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty,

22

it is the intent of the United States, pursuant to 21 U.S.C. §
853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture
of any other property of the defendants up to the value of the
property described in subparagraphs a through e above.

All pursuant to Title 18, United States Code, Section 982
and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; November 25, 2008.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

11/25/08
12:24pm