1

```
UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES,              )    CR. NO. 08-10352-NG
VS.                         )    COURTROOM NO. 2
RICHARD SCHWARTZ,           )
        DEFENDANT           )    1 COURTHOUSE WAY
                            )    BOSTON, MA   02210


            STATEMENT OF REASONS
                SENTENCING



                APRIL 25, 2011
                  2:28 P.M.






    BEFORE THE HONORABLE NANCY GERTNER
    UNITED STATES DISTRICT COURT JUDGE



           VALERIE A. O'HARA
          OFFICIAL COURT REPORTER
```

STATEMENT OF REASONS

APPEARANCES:

For the United States:

Jeffrey Mark Cohen
United States Attorney's Office
1 Courthouse Way
Boston, MA 02210


For the Defendant:

Bruce A. Singal
Donoghue, Barrett & Singal, PC
Suite 1320
One Beacon Street
Boston, MA 02108-3113

1        THE COURT: Okay. Let me start. You can be
2  seated. Let me start with the guidelines. I agree and
3  disagree with the government on this. I agree that it is an
4  abuse of trust under 3B1.3 which would add a two-level
5  increase, but in a sense I disagree with the government with
6  the documents, and the reason that I disagree is that this
7  is an example of, how can I say this delicately, how
8  troubling the guidelines are.
9        We don't have a rationale for 2L, we don't say
10 here's why we have this provision. We don't have a
11 rationale for it at all, we have the word "document" and the
12 word "six or more documents or passports," and we're all
13 inventing what that means. Eleventh Circuit doesn't make
14 it, we're all inventing that. We don't in any other part of
15 the criminal law invent meanings and rationale like this.
16       What I do and have done since the beginning is to
17 step back and say something like this tries to capture what
18 the loss table tries to capture or the quantity table, which
19 is someone who is doing a lot of it, and the more you do of
20 the crime, the more culpable you are.
21       While this fits within the 6 to 24
22 document/passports technically, this does seem like a
23 one-shot deal, which is this one occasion with respect to
24 these documents. The Commission doesn't tell you why you
25 added 3, why you added 6, why you add 9. If there is any

1 ambiguity as to whether the letters comprise documents or
2 passports, the traditional rules of criminal law tell me I'm
3 to resolve that ambiguity in favor of the defendant, so that
4 means I'm taking away 3 and adding 2, which means that the
5 total offense level is an 11; is that right?
6          MR. COHEN:  12 I get, your Honor.
7          THE COURT:  You had 12 with the plus 3, so 12 is
8 9, and now I'm adding 2 is an 11.  I'm adding abuse of trust
9 and not adding the three level of enhancement for documents.
10         MR. COHEN:  Right, you're absolutely right, your
11 Honor, I'm sorry.
12         THE COURT:  Okay.  So then the question is that is
13 now 11 and 1, which is 8 to 14, which is right on the
14 probation/non-probation line and would have been before the
15 guidelines.
16         I appreciate what the government is saying because
17 I do think that someone -- I do think that Mr. Schwartz is
18 in a different position than the other defendants are, but
19 I'm troubled by the fact that this was not his scheme, this
20 was their scheme, he was essentially a functionary in their
21 scheme, he certainly made it possible, but he was a lesser
22 player in their scheme.  They were the ones who really stood
23 to gain by it.  Whatever the ambiguity of what he received,
24 he certainly didn't gain as much as they stood to gain.
25         I am profoundly concerned in a three-person or a

5

1  four-person case that substantial assistance is given to
2  whomever comes in first in the government's door.  I know
3  that the case law allows that, but I have to step back and
4  say does that mean culpability or a really good lawyer that
5  got him in the door first and suddenly everyone else is
6  aligned against this defendant, so while that muddies the
7  relationship between Mr. Schwartz and the other people here,
8  and I am -- what we know about first offenders is that they
9  typically do not recidivate, they typically do not, and
10 certainly someone's whose life is changed like that, that
11 rule about they don't recidivate goes to drug offenders and
12 white color offenders all across the line, so if recidivism
13 is the goal, Mr. Schwartz is not going to recidivate.
14         If disparity is the goal in terms of unwarranted
15 disparity, on the one hand, he is more culpable because he
16 took his Government position, on the other hand, he's less
17 culpable because it really wasn't his scheme, and I am
18 concerned about his mental health.
19         While he denies it, there are certainly concerns
20 about his mental health, his ability to cope with his status
21 as a convicted felon.  While defendants typically have
22 heightened levels of stress, his seems to be uniquely
23 self-defeating, counterproductive, refusal to sign release
24 forms, provide verification, et cetera.
25         As a Judge, I see things.  One of the difference

1   between sentencing on a paper and sentencing in court is
2   that you get a sentence of an individual, and it seems to me
3   that there's enough that I have seen that suggests that a
4   probationary sentence with mental health conditions is
5   warranted here.
6           Mr. Schwartz, would you please stand.  So while
7   the guideline calculations are what I've described, on the
8   one hand, called for a more substantial sentence, on the
9   other hand, the factors I've described called for a less
10  substantial sentence.  The guidelines are low enough that
11  the difference is the difference between being in jail and
12  not being in jail, which is a substantial difference.
13          Again, I also recall a line in Gall which was so
14  extraordinary that says being a felon and having being under
15  the supervision of the Government for three years is a
16  substantial penalty, and we have forgotten that.
17          I'm going to sentence you to three years on
18  probation, a fine of $10,000, a lump sum payment of $3,000
19  within 30 days of the imposition of this sentence.  The fine
20  is to be continued to be paid until the full amount has been
21  paid.  You're to notify the U.S. Attorney within 30 days of
22  any change of mailing or residence address that occurs while
23  any portion of the crime remains unpaid.
24          While on probation, you're not to commit another
25  federal, state or local crime.  No drug testing.  You're to

1  submit to the collection of a DNA sample.  You're to comply
2  with the standard conditions.  You're prohibited from
3  possessing a firearm or other dangerous weapon, and,
4  Mr. Schwartz, you're to undergo a psychiatric evaluation and
5  to participate in mental health treatment as directed by
6  probation.  You may have to contribute to the costs of that
7  depending upon your ability to pay or the availability of
8  third-party payment.
9       You're instructed, you're directed to execute any
10 release forms that may be required to authorize disclosure
11 of the psychiatric evaluation to probation, in other words,
12 you'll have a psychiatric evaluation with a psychiatrist,
13 and you are directed to execute the forms that will enable
14 probation to see that and to permit the treatment provided
15 to verify your compliance with any treatment plan
16 implemented.
17      Again, the $3,000 within 30 days of the imposition
18 of this sentence.  You're prohibited from incurring new
19 credit charges or opening additional lines of credit without
20 probation's approval.  You're to provide probation access to
21 the financial information, to any requested financial
22 information which may be shared with the financial
23 litigation unit of the U.S. Attorney's Office.  Special
24 assessment of $100, which shall be due immediately, and you
25 have a right to appeal.

1          Mr. Schwartz, you can turn a bad situation into a
2     catastrophic one if you don't comply with the conditions of
3     probation.  You can turn a difficult situation into an
4     impossible one if you don't comply with the conditions of
5     probation, so and that means all the conditions of
6     probation, otherwise you'll be back again, and given what
7     I've said was the sentence was on the one hand, on the other
8     hand, that balance will tilt in favor of imprisonment if you
9     don't follow these conditions.
10         So, as I said, you have a right to appeal.  Good
11    job on both sides.  Thank you very much.
12         THE CLERK:  All rise.
13                    - - - -
14
15         .
16
17
18
19
20
21
22
23
24
25