UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　)<br>RICHARD SCHWARTZ　　　　　) | Crim. No. 08-10352-MLW |

**GOVERNMENT'S OPPOSITION
TO DEFENDANT'S EMERGENCY MOTION TO STAY SENTENCE**

The government opposes Defendant's Emergency Motion to Stay Sentence (Docket No. 156).[1] Detention pending appeal is mandatory unless this Court finds that two requirements have been met: (1) that the defendant has demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) that the defendant has demonstrated that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. §§ 3143(b)(1)(A), (B)(i)-(iv). With respect to the latter requirement, the First Circuit has stated that it has two distinct parts: "(1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all

---

[1] The government files this brief opposition. Should the Court require additional briefing, the government requests that it be given 48 hours to file a memorandum of law.

counts on which imprisonment has been imposed." *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985).

In determining whether an appeal raises a substantial question of law or fact, it is not enough for a defendant to show that a disputed point of law or fact was "fairly debatable" or that a "possibility of reversal" exists. *Id*. at 523 (vacating district court's order and revoking bail upon finding that the district court erroneously ordered bail when it concluded that there was a "possibility of reversal" on appeal). Rather, this First Circuit has stated that the appeal must present a "close question or one that very well could be decided the other way." *Id*. at 523 (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

Defendant focuses his motion on the second requirement for such relief to be granted as he cannot get past the first. This Court, at the August 4, 2014 hearing, specifically found that the defendant is a danger to the community. That ends the inquiry. Additionally, however, the defendant cannot establish the second prong, as the Court correctly determined that defendant has violated Massachusetts law by possessing a license in another's identity. Rather, as he has done in the delay of the revocation hearing itself, in the filing of his motion, and in his lack of compliance with Probation, this "emergency motion" filed more than one month after the Court's decision and less than a week prior to defendant's report date of September 15, 2014 is merely another attempt at delaying his inevitable punishment for violating his terms of his probation.[2]

---

[2] The government also notes that, since the August 4 hearing, it has been contacted by defendant's former employer, who has indicated not only that defendant was not allowed to have this license, but that it was fraudulently created.

Because defendant has not – and indeed cannot – meet the requirements for a stay, the Court should summarily deny his motion.

                                         Respectfully submitted,

                                         CARMEN M. ORTIZ
                                         United States Attorney

By:    */s/ Eugenia M. Carris*
        Eugenia M. Carris
        Assistant U.S. Attorney

Dated: September 8, 2014

### Certificate of Service

I hereby certify that, on the above date, this document was filed through the ECF system which sends copies electronically to the registered participants.

By:    */s/ Eugenia M. Carris*
        Eugenia M. Carris
        Assistant U.S. Attorney