UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>     )<br>     v.     )<br>     )<br>RICHARD SCHWARTZ,     )<br>     Defendant     ) | Crim. No. 08-10352-MLW |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO DEFENDANT'S EMERGENCY MOTION TO STAY SENTENCE**

The government opposes the Defendant's Emergency Motion to Stay Sentence ("Emergency Motion") (Docket No. 155) and files this Memorandum pursuant to the Court's September 10, 2014 Order (Docket No. 159).

The Defendant may only be released pending appeal if, under 18 U.S.C. § 3143, the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. §§ 3143(b)(1)(A), (B)(i)-(iv).  The Defendant is both dangerous and has failed to raise a substantial question of law or fact.  For these reasons, his Emergency Motion must be denied.

A. THE DEFENDANT HAS NOT MET HIS BURDEN OF SHOWING BY CLEAR AND CONVINCING EVIDENCE HE IS NOT DANGEROUS.

The Defendant has not provided clear and convincing evidence that he is not dangerous as required under Section § 3143.  See United States v. Bayko, 774 F.2d 516, 521 (1st Cir. 1985).  Indeed, at the August 4, 2104 Revocation Hearing, after listening to several hours of testimony and hearing directly from the Defendant, this Court noted its serious concerns that the Defendant was dangerous.  See, e.g., Tr. of Revocation Hr'g at 82 (Docket No. 153) ("I am concerned that the sentence Judge Gertner imposed didn't teach him the necessary lesson, and he's potentially dangerous."); Id. at 102 ("I've given you three more years of supervised release because I'm concerned that you're dangerous.").

In an effort to meet his burden, the Defendant first argues that, before the incident in question, he was not particularly dangerous to the community and notes that he had almost completed his probation without a violation.  Emergency Motion at 5-6.  However, the Court considered these facts before determining that the Defendant was very possibly dangerous.  Tr. of Revocation Hr'g at 13-15, 91.  Simply restating the same facts a month later fails to prove by clear and convincing evidence that the Defendant is not dangerous.

Second, the Defendant seems to argue that, because the evidence this Court used to find dangerousness principally stems from the possession of the license, which the Defendant is appealing, this evidence should be excluded from this Court's dangerousness determination.[1]

---

[1] The Defendant complains that the government wrote that it received confirmation the license was fraudulent because that information was not presented at the Revocation Hearing, while simultaneously referring to extraneous facts.  See e.g., Emergency Motion at 3 (stating that Defendant's Meniere's disease "has resulted in his hospitalization twice since April of this year.").  Further, at the Revocation Hearing the Defendant stated that while flying causes him a "hard time," he has in fact flown, (Tr. of Revocation Hr'g at 96), but in his Emergency Motion he claims it is "impossible," Emergency Motion at 3.

See Reply Memorandum in Further Support of Defendant's Emergency Motion to Stay Sentence at 2-3 (Docket No. 158-1).  Such an argument is circular and the Defendant fails to provide any authority in support.[2]  Further, Section § 3143 makes clear that to be eligible for release a defendant must satisfy each element.  Thus, Defendant's argument that success on the second element will eventually lead to a showing by clear and convincing evidence that the Defendant is not dangerous finds no support in the statute or case law.

B.  THE DEFENDANT HAS FAILED TO SHOW THE EXISTANCE OF A SUBSTANTIAL QUESTION OF LAW.

In order to be released pending appeal, the Defendant must also show the existence of a substantial question of law or fact.  See United States v. DiMasi, 817 F. Supp. 2d 9, 12-13 (D. Mass. 2011) (citing 18 U.S.C. § 3143(b)(1)(B)) (denying release because there was not "substantial question" even though parties agreed defendant was not dangerous).  In Balko, the First Circuit declared that a "substantial question" is more than just an issue that has "the possibility of reversal." 774 F.2d at 523.  Rather, the First Circuit has explained that a "substantial question" is "a 'close' question or [an issue] that very well could be decided the other way." Id.  In asserting that there is a substantial question whether the Defendant had to knowingly possess the fraudulent license under Mass. Gen. Laws ch. 90, § 24B, the Defendant

---

[2] There are, however, multiple examples of courts considering facts that came out at trial when determining post-conviction whether a defendant is dangerous.  See, e.g., United States v. Bayko, 774 F.2d 516, 521 (1st Cir. 1985) (finding clear and convincing evidence of dangerousness in part because "possession of a firearm partially loaded with bullets designed to maim or kill"); United States v. Santiago-Mendez, 599 F. Supp. 2d 95, 103 (D.P.R. 2009) (testimony that defendant threatened a cooperating coconspirator led to a finding that the defendant was dangerous).

cites only Commonwealth v. Stevens, 962 N.E.2d 245 (Mass. App. Ct. 2012) an unpublished,[3] unrelated case from the Appeals Court of Massachusetts.  In Stevens and Commonwealth v. Kraatz, 310 N.E.2d. 368, 372 (Mass. App. Ct. 1974) on which Stevens relies, the defendants were not convicted of possessing a fraudulent license, but rather of making false statements when applying for a valid driver's license.  This distinction is crucial as the Kraatz court, which performed a thorough review of the statute's legislative history, similar statutes, and case law in other circuits, continually framed the inquiry as whether a *statement* must be knowingly false. See, e.g., 310 N.E.2d. 368, 371-72 ("There is no basis for thinking that the Legislature ever considered whether the statutory description of *the offense of making a false statement* in an application for a driver's license should be similarly amended by the insertion of 'knowingly.' . . . Statutes punishing *the making of false statements* often provide expressly that *such false statements* must be made knowingly.  Nevertheless, courts construing statutory provisions dealing with the *making of false statements* have held that guilty knowledge is implicit in the concept of falsity itself.") (emphasis added).  In Kraatz, the court concluded that "*making 'false statements' in an application for a driver's license* implies scienter and that guilty knowledge is an essential element of the offense." Id. at 372 (emphasis added).  Furthermore, the Supreme Judicial Court of Massachusetts has long held that "generally, . . . the Legislature may make criminal an act or omission even where the person responsible has no 'blameworthy condition of the mind.'" Commonwealth v. Buckley, 238 N.E.2d 335, 337 (Mass. 1968).  Thus, the

---

[3] As an unpublished decision, Commonwealth v. Stevens is not binding on this or any court. See Chace v. Curran, 881 N.E.2d 792, 794 n. 4 (Mass. App. Ct. 2008) (declining to consider or afford any weight to citation to unpublished decision explaining, "[Unpublished] decisions this court issues pursuant to rule 1:28 are primarily addressed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.")  Thus, an unpublished decision "may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent." Id.  This is because unpublished "decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case." Id.

Defendant has failed to show any case, published or unpublished, that requires scienter for possession of a fraudulent license and instead conflates the requirement for a conviction of making a false statement to obtain an otherwise valid license and the requirement for a conviction for possessing a fraudulent license.

Finally, even if somehow this Court finds scienter for possession of a fraudulent license is necessary, it has already determined that the Defendant had such knowledge. Tr. of Revocation Hr'g at 79 ("I find the defendant's possession of the counterfeit license at the Middlesex Probate Court was knowing, that is, he knew he had it."). Such a finding can be appropriate under Massachusetts law even without direct evidence. See Commonwealth v. Holiday, 206 N.E.2d. 691, 693 (Mass. 1965) ("A person's knowledge, however, like his intent, is a matter of fact, which may not be susceptible of proof by direct evidence. In that event resort must be had, and frequently is had, to proof by inference from all the facts and circumstances developed at the trial.").

## CONCLUSION

Because the Defendant has failed both to show by clear and convincing evidence that he is not dangerous and to raise a substantial question of law or fact, his Emergency Motion must be denied.

    Respectfully submitted,

    CARMEN M. ORTIZ
    United States Attorney

By:    /s/ Eugenia M. Carris
    Eugenia M. Carris
    Assistant U.S. Attorney

Dated: September 18, 2014

**Certificate of Service**

      I hereby certify that, on the above date, this document was filed through the ECF system which sends copies electronically to the registered participants.

                                                 By:    */s/ Eugenia M. Carris*
                                                        Eugenia M. Carris
                                                        Assistant U.S. Attorney