UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>            Plaintiff, )<br>     )<br>v.     )<br>     )<br>RICHARD SCHWARTZ )<br>            Defendant. )<br>     ) | Criminal Action No. 1:08-cr-10352-MLW |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL INFORMATION IN
OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY SENTENCE**

Defendant Richard Schwartz hereby opposes the Government's Motion for Leave to File Supplemental Information. The Government's Motion is nothing but a creative attempt to belatedly and impermissibly supplement the record from the revocation hearing. The new evidence the Government seeks to introduce has absolutely no bearing on Mr. Schwartz's Emergency Motion to Stay Sentence. Contrary to the Government's assertion, the proffered information fails to show that Mr. Schwartz poses a danger to the community; and it cannot impact in any way Mr. Schwartz's likelihood of success on appeal, as this Court lacks jurisdiction to supplement the appellate record.

## ARGUMENT

**I.     The Court Lacks Jurisdiction over the Government's Motion.**

While stylized as a motion to supplement the record on Mr. Schwartz's Motion to Stay, the Government's motion is, in reality, an impermissible attempt to supplement the record from the revocation hearing. The newly proffered evidence relates directly to the merits of issues addressed during the revocation hearing—namely, whether Mr. Schwartz engaged in unlawful

conduct in violation of the conditions of his probation.  But Mr. Schwartz appealed this Court's decision to revoke his probation more than 40 days ago.  So no matter how creatively the Government styles its Motion, it cannot now supplement the record because the Court has been divested of jurisdiction over matters relevant to the appeal.  *See Watchtower Bible & Tract Soc'y of N.Y. v. Colombani*, 712 F.3d 6, 11 (1st Cir. 2013) (filing a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *Green v. Board of Supervisors of La. State Univ.*, 341 F. App'x 6, 8 (5th Cir. 2009) (finding that the district court lacked jurisdiction to consider appellant's motion to supplement the record filed more than one month after final judgment and seventeen days after filing a notice of appeal).

The Government could have marshalled its new evidence in advance of the revocation hearing; it failed to do so.  Because this Court no longer retains jurisdiction over the revocation record, the Government must now live with the record it chose to put forth at the hearing.

**II.    The Government's Newly Proffered Evidence Is Not Relevant to the Motion to Stay.**

Even if the Court had jurisdiction to entertain the Government's motion—and it does not—the Government cannot demonstrate that the new evidence it seeks to add to the record is relevant to the issue of whether Mr. Schwartz should remain released pending disposition of his appeal.  Release pending appeal is appropriate where the Court finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result" in reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment less than time already served plus the anticipated length of appeal.  18 U.S.C. § 3143(b).

The Government does not argue that its newly proffered evidence goes to the flight risk issue (as it certainly does not), and the new evidence fails to show that Mr. Schwartz poses a danger to the community. Dkt. No. 161-1, Gov't's Supplemental Filing in Opp'n to Def.'s Emergency Mot. To Stay Sentence 1. The investigation into Mr. Schwartz's conduct referenced by the Government in its affidavit purportedly revealed that Mr. Schwartz created **just one** allegedly unauthorized false identification card **nearly two years ago**. Dkt. No. 161-1, Aff. of Special Agent Christina Rosen ("Rosen Aff."), at ¶¶ 4-5. Although Mr. Schwartz continued to work for his employer, MorphoTrust USA, for nearly two years[1] after allegedly creating this false identification—and, thus, continued to have the means to do so again—the Government uncovered no evidence whatsoever that, during that time period, Mr. Schwartz **ever** created or attempted to create another false identification. *See id.* The Government also uncovered no evidence whatsoever that Mr. Schwartz ever used or attempted to use the one false identification card that he purportedly produced. *See id.* Accordingly, if the "new evidence" proffered by the Government establishes anything, it is that Mr. Schwartz **does not** pose a danger to his community.

Nor can the Government argue that the supplemental information will negatively affect Mr. Schwartz's likelihood of success on appeal, because this new information cannot be considered as part of the appeal. *See* Section I, *supra.*

## CONCLUSION

The Government's motion constitutes nothing more than an improper attempt to influence the Court and improve the record after the revocation hearing record has been closed and removed to the First Circuit. The newly proffered information lacks any relevance to the

---

[1] The Government alleges that Mr. Schwartz created the false identification card on November 26, 2012, and that Mr. Schwartz continued working for MorphoTrust USA until his probation was revoked in August of 2014. *See* Rosen Aff. at ¶¶ 3-4; Dkt. No. 149, Judgment of Revocation.

3

issue of whether Mr. Schwartz's sentence should be stayed: it fails to show that Mr. Schwartz poses a danger to the community or a flight risk, and it is impossible for the new evidence to influence the likelihood of his success on appeal.

For the foregoing reasons, Defendant Richard Schwartz respectfully requests that this Court deny the Government's Motion for Leave to File Supplemental Information.

September 26, 2014

Respectfully submitted,

RICHARD SCHWARTZ

By his attorneys,

*/s/ Roberto M. Braceras*
Robert M. Braceras (BBO # 566816)
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA  02109
Tel: 617-570-1000
Fax: 617-523-1231
rbraceras@goodwinprocter.com

**CERTIFICATE OF SERVICE**

I, Roberto M. Braceras, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 26, 2014.

*/s/ Roberto M. Braceras*