UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 08-10352-MLW |
| | ) |
| RICHARD SCHWARTZ | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                              February 12, 2015

I.   INTRODUCTION

In 2011, defendant Richard Schwartz was sentenced by Judge Nancy Gertner to probation after pleading guilty to one count of conspiracy to commit fraud and misuse of visas. While on probation, Schwartz was discovered in possession of a purported Wisconsin driver's license that had his picture and the name, address, and driver's license number of a deceased veteran, John Slack. This court subsequently found that Schwartz violated the conditions of his Supervised Release by possessing a counterfeit license. In addition, this court found that he lied to the United States Probation Office ("Probation") about whether he possessed the license or knew of John Slack. Therefore, the court revoked his probation and sentenced him to six months in custody.

Schwartz moved to stay his sentence pending his appeal of the revocation of his Supervised Release and sentence. He stated that, on appeal, he would argue that the court applied an

incorrect definition of "counterfeit," that the evidence to prove the alleged violation was insufficient, and that the sentence was unreasonable.

The court finds that Schwartz has not proven that he is entitled to be released pending appeal. First, the court utilized the definition of "counterfeit" Schwartz advocates when it found that the license in his possession was "falsely made." Second, there was sufficient evidence to find that the license was counterfeit and, therefore, that Schwartz violated Mass. Gen. Law ch. 90, §24B. Among other things, the Wisconsin Department of Motor Vehicles ("DMV") did not issue the license to Schwartz, the license was not a sample, Schwartz lied about possessing it, and Schwartz had access to the identifying information concerning Slack that was on the license. Third, the court would have given Schwartz the same six-month sentence even if Schwartz had only lied to Probation about whether he knew he possessed the license in Slack's name. Therefore, any error in deciding that §24B was violated would be harmless.

Accordingly, Schwartz's motion for a stay pending appeal is being denied. In order to give Schwartz an opportunity to seek a stay from the First Circuit, he is being ordered to report to the United States Marshal to begin to serve his sentence on March 2, 2015.

In addition, the government filed a motion to add evidence to the record supporting the finding that Schwartz violated §24B. It appears that the court may not now consider additional evidence in deciding whether §24B was violated. However, the government stated at a November 21, 2014 hearing that it is no longer seeking to supplement the record on appeal. Rather, it asked the court to consider the additional evidence only on the issue of whether Schwartz would be dangerous if released pending appeal. As the additional evidence is material only to the issue of dangerousness, which the court need not decide, the motion to supplement the record is being denied.

II. BACKGROUND

Schwartz was charged in 2008 with conspiracy to commit fraud and misuse of visas in violation of 18 U.S.C. §371. It was alleged that while an employee of the Commonwealth of Massachusetts, Schwartz signed false letters, printed on Commonwealth letterhead, indicating that the state would "employ nonimmigrant workers with H-1B Visas." Indictment, ¶¶11, 13, 15, 20-31 (Docket No. 1). Schwartz's co-conspirators gave these letters to non-immigrant visa applicants in India, who submitted them with their United States visa applications. Id., ¶¶13-17. Schwartz pled guilty. Judge Gertner sentenced him to three-years' probation and a $10,000 fine. See June 10, 2011 J. in a Criminal Case (Docket No. 110).

3

On April 18, 2014, six days before Schwartz's probation was to expire, Probation filed a Petition for Summons alleging two violations. (Docket No. 122 ex parte) (the "Petition"). First, it was alleged that while Schwartz was being booked at the Middlesex County Jail for civil contempt of court, a court officer discovered a fake Wisconsin driver's license in Schwartz's wallet. Id. at 1. The license had Schwartz's picture and the name of John Slack, a deceased veteran. Id. Second, it was alleged that upon questioning by Probation, Schwartz, among other things, denied that he possessed the fake license or knew about John Slack. Id. at 2.

At a hearing on August 4, 2014, the court found that Schwartz committed the first alleged violation by knowingly possessing a "counterfeit" driver's license in violation of §24B. Aug. 4, 2014 Tr. at 76-79 (Docket No. 153). In doing so, the court discussed two definitions of "counterfeit" used by the First Circuit in interpreting federal statutes. One definition was "falsely made." Id. at 78 (citing United States v. Suarez-Gonzalez, 760 F.3d 96, 99 (1st Cir. 2014)). The other was something that "resembles sufficiently a real [document] that it could deceive an honest, intelligent person who is unsuspecting concerning it." Id. (quoting United States v. Gomes, 969 F.2d 1290, 1293-94 (1st Cir. 1992) (quoting the court below)). The court found that under either definition the government had met

4

its burden of proof. <u>Id.</u> Therefore, it was proven that Schwartz had violated the conditions of his probation by committing a state crime.

The court also found that Schwartz lied to Probation about possessing the counterfeit license. Aug. 4, 2014 Tr. at 101. This was a violation of the condition of Schwartz's probation that required him to answer questions from Probation truthfully. <u>See</u> J. in a Criminal Case at 2.

The court sentenced Schwartz to six months in custody, to be followed by 36 months of Supervised Release. He was ordered to begin serving his sentence on September 15, 2014.

Schwartz filed a notice of appeal on August 15, 2014 (Docket No. 150). On September 8, 2014, Schwartz filed an Emergency Motion to Stay Sentence pending appeal (Docket No. 155) ("Mot. to Stay"). After the government filed an opposition, the court heard argument on the motion on November 21, 2014. Schwartz's reporting date has been suspended pending a decision on his motion.

Following the Motion to Stay, the government filed a Motion for Leave to File Supplemental Information in Opposition to Defendant's Motion to Stay (Docket No. 161) ("Mot. to File Supplemental Info.").

III. ANALYSIS

    A.    <u>Schwartz's Motion to Stay His Sentence</u>

Ordinarily, a court must detain a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal." 18 U.S.C. §3143(b).[1] However, a defendant may be released pending appeal if the court finds:

> (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . .; and
>
> (B)    that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
> > (i)    reversal,
> >
> > (ii)   an order for a new trial,
> >
> > (iii) a sentence that does not include a term of imprisonment, or
> >
> > (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143(b)(1).

---

[1] The court assumes that §3143(b) applies to sentences imposed for the violation of conditions of probation or, at least, its standards should be applied in such cases. <u>C.f.</u> <u>United States v. Lambert</u>, 77 F.3d 460 (1st Cir. 1996) (per curiam) (unpublished table decision) (applying §3143(b) and summarily denying a defendant's motion to be released pending the appeal of the revocation of her supervised release).

To prevail under §3143(b)(1)(B), a defendant must show "(1) that the appeal raise[s] a substantial question of law or fact and (2) that if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Bayko, 774 F. 2d 516, 523 (1st Cir. 1985); see also United States v. DiMasi, 817 F. Supp. 2d 9, 13 (D. Mass. 2011). The first prong requires a showing that the question was "close" and "very well could be decided the other way." Bayko, 774 F.2d at 522 (internal quotation marks omitted) (quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). It does not require a showing that the defendant would "probably" win. Id. at 521-22. The second prong requires proof that the error is not "harmless"; rather, it is "more probable than not that a favorable decision will result in reversal of the conviction or a new trial," id. at 522 (internal quotation marks omitted), a sentence not involving incarceration, or a sentence that is shorter than the time already served plus the expected length of the appeal, 18 U.S.C. §3143(b)(1)(B).

Schwartz alleges he is not dangerous and will not flee. He also raises three questions of law or fact he asserts are substantial: that there was no legal basis to find that possessing the license in Slack's name was unlawful under §24B;

7

that the evidence against him was insufficient to prove the alleged violation; and that the sentence imposed was unreasonable. Mem. in Support of Mot. to Stay, at 6 (Docket No. 156). The court finds that there is not a substantial question of law as to whether Schwartz violated §24B. The court applied the legal standard now advocated by Schwartz to the alleged §24B violation, and there was sufficient evidence to find Schwartz violated §24B. In addition, there was ample evidence to find that Schwartz lied to Probation and he would have been sentenced to six months in custody based on this violation alone. Therefore, any error with regard to §24B was harmless.

  1. <u>Substantial Question of Law or Fact (18 U.S.C. §3143(b)(2)(A))</u>

In relevant part, §24B makes it a crime to possess "a falsely made, stolen, altered, forged, or counterfeited . . . license." Schwartz argues that under <u>Commonwealth v. Apalakis</u>, 486 N.E.2d 669, 673 (Mass. 1985), to show the license is counterfeit, the government was required to show that the license at issue was a forgery--that is, that it was a "spurious or fictitious making." Mem. in Support of Mot. to Stay, at 7-9 (quoting <u>Apalakis</u>, 486 N.E.2d at 673).[2] Under <u>Apalakis</u>, "forged"

---

[2] Schwartz also argues that according to <u>Commonwealth v. Stevens</u>, 962 N.E.2d 245, at *3 (unpublished table op.), a defendant may not be convicted under §24B for possessing a counterfeit license without a showing that "he knowingly made a false statement to obtain [it]." <u>See</u> Mem. in Support of Mot. to

8

writings are those that "purport to be the writing of another party than the person making it." Apalakis, 486 N.E.2d at 671-72 (internal quotation marks omitted). Under this definition, the license possessed by Schwartz would be a forgery if someone other than the Wisconsin DMV made it.

As indicated earlier, at the August 4, 2014 hearing, the court considered the evidence in light of two definitions of counterfeit used by the First Circuit in interpreting federal statutes. Aug. 4, 2014 Tr. at 78. One of the definitions was that "counterfeit" means "falsely made." Id. at 78 (citing United States v. Suarez-Gonzalez, 760 F.3d 96, 99 (1st Cir. 2014)). Id. at 78. "Falsely made" and "forgery" are synonymous. As the Massachusetts Supreme Judicial Court wrote in Apalakis, 486 N.E.2d at 671-72, "[a]t common law, forgery was defined as 'the false making . . . .'" Assuming that Schwartz is correct that a conviction for violating §24B by possessing a counterfeit license requires proof that the license at issue is a forgery, the court applied that standard, and found that it was met. Aug. 4, 2014 Tr. at 78-79. Therefore, Schwartz has not

---

Stay at 6-7. However, Stevens addressed the elements for falsely obtaining a license, not for mere possession. See Stevens, 962 N.E.2d 245, at *3; Nov. 21, 2014 Ex. 2, at 23. Here, Schwartz was, in effect, charged only with possession. Stevens is, therefore, not apposite.

9

demonstrated a substantial question of law concerning this issue.

In addition, there was sufficient credible evidence to prove that the license was counterfeit. First, the Probation Officer testified that Schwartz was in possession of a Wisconsin driver's license with Schwartz's picture and the name, address, and driver's license number of John Slack. Id. at 66-67. The license was issued the day after Slack died. Id. at 80. According to the Probation Officer's testimony, the Wisconsin DMV reported the license was not issued to Schwartz. Id. at 21-22.

Second, Schwartz introduced other driver's licenses to show that he had access to sample licenses. All but one of these licenses had the legend "sample" on it. Id. at 78-79; Ex. 5.[3] However, the Slack license did not have a similar statement on it, and Schwartz did not tell the Probation Officer that it was a sample. Id. at 79.

Third, Schwartz lied to Probation when asked whether he possessed the Wisconsin license, which the court construed as evidence of consciousness of guilt. Id.

---

[3] One license did not state that it was a sample. However, it had a picture of the grim reaper on it and was, therefore, obviously not a valid license. Aug. 4, 2014 Tr. at 38-39, 64-65.

10

Fourth, Schwartz "did work with regard to identification cards for disabled veterans generally and did work for the Wisconsin [DMV] particularly." Id. at 80. As a result, "he had access to Mr. Slack's card or access to people who had access to the information." Id.

In view of the foregoing, there was sufficient credible evidence to persuade the court that the Slack license was not made by the Wisconsin DMV and was counterfeit. The court also found that the direct and circumstantial evidence proved that Schwartz knew he had the counterfeit license and lied to Probation about his knowledge. Id. at 76-79.

In these circumstances, Schwartz has not proven the substantial question of law or fact necessary to justify a stay pending appeal. See 18 U.S.C. §3143(b)(1)(B).

2. Likelihood of Reversal or a Reduced Sentence (18 U.S.C. §3143(b)(2)(B))

Even if Schwartz had succeeded in presenting a substantial question concerning whether he violated §24B, the question would not be likely "to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." Bayko, 774 F. 2d at 523. Nor would it be likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the

11

appeal process," 18 U.S.C. §3143(b)(2)(B).[4] If the court had found that Schwartz's only violation was lying to Probation, it still would have sentenced him to six months in custody. If this matter is remanded for sentencing on only that count, the court intends to impose a six-month sentence.

At the August 4, 2014 hearing, the court heard evidence that Schwartz was in possession of what appeared to be a Wisconsin driver's license bearing the name John Slack when he was booked on a contempt charge. Aug. 4., 2014 Tr. at 52-54. The Probation Officer testified that she questioned Schwartz three times. Each time, Schwartz said that he did not know of a John Slack and that he did not have Slack's identification in his possession at the Middlesex County Court. Id. at 46-51; see also id. at 23-26. The Probation Officer also testified that Schwartz "stated that it could have been in his wallet; he wasn't sure." Id. at 51.

The court found that Schwartz was in possession of the counterfeit license and inferred that he knew he had it. The court explained that Judge Gertner had warned Schwartz that he faced imprisonment if he violated a condition of his probation. Id. at 79-80. Probation questioned him about the license about

---

[4] Schwartz claims that an appeal will last about 11.2 months. Mem. in Support of Mot. to Stay at 4. He appealed his sentence in August 2014, so his appeal should be complete by about July 2015.

12

10 days before his probation was to expire. Id. at 79. Schwartz "was desperate and begged Probation not to file a violation report." Id. at 80. The court found that Schwartz had an incentive to lie. Id. Therefore, there was sufficient evidence for the court to conclude that Schwartz gave knowingly false answers to the Probation Officer's questions. Id. at 77-80.

At the November 21, 2014 hearing on the motion to stay, Schwartz argued for the first time that any lie to Probation was not a violation of the conditions of his probation. In essence, he claimed that since the license was not counterfeit, and §24B was not violated, any false statement concerning the license was not material. This contention is not correct. Condition 3 of his probation required Schwartz to "answer truthfully all inquiries by the Probation Officer . . . ." See J. in a Criminal Case at 2 (emphasis added). It did not require that Schwartz truthfully answer only those inquiries that ultimately reveal a violation of the law or of another condition of probation. In addition, Probation properly investigated whether Schwartz violated the law by possessing a counterfeit license. Schwartz's lie was material to that investigation. Finally, as explained earlier, Schwartz is incorrect in asserting that he did not violate §24B.

The First Circuit has rejected a contention comparable to the argument Schwartz now makes. In United States v. Roy, 438 F.3d 140 (1st Cir. 2006), the defendant pled guilty to possessing child pornography. Despite having a condition of Supervised Release prohibiting contact with minors, he had contact with the children of his romantic partner. Roy's Supervised Release was revoked. On Supervised Release a second time, he continued the relationship with the woman and to have contact with her children. Probation then ordered the defendant to cease contact with the woman and her children. However, this prohibition was not made a condition of his Supervised Release.[5] His Supervised Release was again revoked because, among other things, he lied to Probation about his continuing relationship with the woman. On appeal, the defendant argued that having contact with the woman "was not prohibited by the Supervised Release terms then in effect." Id. at 143. The First Circuit affirmed the revocation, reasoning that "[h]e was penalized for the lie, not the relationship itself." Id. Similarly, even if the court is incorrect and Schwartz did not violate §24B, his lies to Probation justified the revocation of his probation. There is, therefore, no substantial question of law or fact as to the violation for lying to probation.

---

[5] It was only his third term of Supervised Release that included the condition that he have no contact with the woman or her children. Roy, 438 F.3d at 144.

14

Schwartz has also not shown that he is likely to receive a different sentence, or sentence without a term of imprisonment, if the finding that he violated §24B is reversed. Lying to Probation is a violation of one of the conditions of Schwartz's probation. In view of the nature of his conviction for fraud, the fact that Judge Gertner departed downward to sentence him to probation, c.f. U.S.S.G. §7B1.4 cmt. n. 2, and Schwartz's repeated and persistent lies, the court would have sentenced Schwartz to six months in custody based solely on this violation.

The advisory Guideline range for this violation for a person with Schwartz's Criminal History Category of I is three to nine months. See U.S.S.G. §§7B1.1(a)(3); 7B1.4 (2013); see also Aug. 4., 2014 Tr. at 9. When Judge Gertner sentenced Schwartz, she said that if he failed to comply with the conditions of probation, he would likely face imprisonment. Apr. 25, 2011 Sentencing Tr. at 29-30 (Docket No. 180). Schwartz did not take advantage of the opportunity to avoid incarceration. Instead, he repeatedly lied to his Probation Officer. Schwartz's original conviction was for conspiring to create false documents to be used to commit visa fraud. As the court said at the August 4, 2014 hearing, it is evident that Schwartz has not learned his lesson. Aug. 4., 2014 Tr. at 101. Schwartz has not persuaded this court that it is more likely than not that he will receive

a sentence without imprisonment, or a shorter sentence, if the finding that he violated §24B is reversed.

### 3. Reasonableness of Schwartz's Sentence

Schwartz also intends to challenge the reasonableness of his sentence. He contends that his sentence would affect his family, that he has a serious medical condition, that Judge Gertner found his role in the original crime to be minor, and that none of his co-defendants were imprisoned. See Mem. in Support of Mot. to Stay, at 10. The court considered these factors when it sentenced Schwartz. See, e.g., Aug. 4., 2014 Tr. at 101-103. None of them raises a close question of whether his sentence is unreasonable. The court took Schwartz's responsibility for his family, particularly his father, into account in determining his sentence. Id. at 101. However, it found it most appropriate to give Schwartz a six-month sentence to reflect the seriousness of his conduct, and to serve the purposes of specific and general deterrence. Id. at 101-02. Because Schwartz was sentenced for violation of the conditions of his probation, his original offense and his co-defendants' sentences are immaterial. As the court explained at the August 4, 2014 hearing, after considering all of the facts and the 18 U.S.C. §3553(a) factors, a six month sentence is reasonable and most appropriate. Id. at 101-03. It would be reasonable even if it was imposed solely based on Schwartz's lie to Probation.

B.   The Government's Motion to File New Evidence

On September 25, 2014, the government submitted its Motion to File Supplemental Information. This new evidence is an affidavit from a Special Agent of the Department of Labor's Office of Inspector General. The affidavit provides additional detail about the counterfeit license and Schwartz's employment with a company that apparently works with state departments of motor vehicles, among other things.

The court could have considered this new evidence in connection with Schwartz's Motion to Stay his sentence on the issue of whether he would be dangerous if released pending an appeal, and then only if he was given an opportunity to respond. See, e.g., United States v. Abuhamra, 389 F.3d 309 (2d Cir. 2004) (holding that a defendant must be given notice and an opportunity to respond to the government's evidence of future dangerousness during release proceedings under 18 U.S.C. §3143(a)). However, the court need not reach the issue of dangerousness, and has not considered the proffered additional evidence for this or any other purpose.

The court doubts that it could consider--and has not considered--the new evidence in determining whether Schwartz raises a substantial question of law or fact under §3143(b)(1)(B). The First Circuit has declared that "[i]t is elementary . . . that we review the record as it existed at the

17

time the district court rendered its ruling." Lewis v. City of Boston, 321 F.3d 207, 214 n.7 (1st Cir. 2003); see also Smith v. Jenkins, 732 F.3d 51, 76 (1st Cir. 2013) (stating that an appellate court does not "consider arguments or evidence not presented to the district court"); Bayko, 774 F.2d at 520 ("[W]hile courts of appeals may on occasion consider evidence not first presented to the district court, this will be a rare circumstance."). There is an exception to this rule where "extraordinary circumstances" apply. United States v. Muriel-Cruz, 412 F.3d 9, 12 (1st Cir. 2005); but see Lopez-Nieves v. United States, 917 F.2d 645, 646-47, 651 (1st Cir. 1990) (summarily granting a motion to supplement the record on a §2255 appeal where the petitioner lost in district court, appealed, and then introduced new evidence in district court); Vacca v. Barletta, 933 F.2d 31, 35 & n.3 (1st Cir. 1991) (considering evidence not presented to the district court). The government's contention that Schwartz raised new arguments at the hearing to determine whether his probation should be revoked, Mot. to File Supplemental Info. at 1, is not such a circumstance.

Because the First Circuit is unlikely to consider the newly proffered additional evidence on appeal, this court has not considered it either. "The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its

18

control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The adequacy of the evidence supporting the decision to revoke Schwartz's probation is at issue in the appeal. Therefore, it appears that this court now lacks the authority to consider additional evidence on the issue.

In any event, the government stated at the November 21, 2014 hearing that it was not in its Motion to File Supplemental Information attempting to supplement the appellate record with regard to the merits of the revocation. The evidence was not material to the motion to stay and the court did not consider it. Therefore, the government's motion is being denied.

IV. ORDER

1. Defendant Richard Schwartz's Emergency Motion to Stay Sentence (Docket No. 155) is DENIED.

2. Schwartz shall report to the United States Marshal at the Moakley Federal Courthouse by 10:00 a.m. on March 2, 2015.

3. The government's Motion for Leave to File Supplemental Information in Opposition to Defendant's Emergency Motion to Stay Sentence (Docket No. 161) is DENIED.

4. Schwartz's Motion for Leave to File a Reply in Support of Defendant's Emergency Motion to Stay Sentence (Docket No. 158) is ALLOWED.

19

_____
UNITED STATES DISTRICT JUDGE